UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

---

ANDREW SIMMONS and JAMIE ZEIGLER, individually and on behalf of all other persons similarly situated who were employed by LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY and/or any other entities affiliated with or controlled by LEPRINO FOODS COMPANY, LEPRINO FOODS DAIRY PRODUCTS COMPANY,

Plaintiffs,

- against -

LEPRINO FOODS COMPANY and LEPRINO FOODS DAIRY PRODUCTS COMPANY,

Defendant.

**COMPLAINT**

**COLLECTIVE ACTION and CLASS ACTION**

**JURY TRIAL**

Docket No.: 3:24-cv-00459 (GTS/ML)

---

Plaintiffs, by their attorneys Gattuso & Ciotoli, PLLC, and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") § 190 *et seq.*, § 663, § 651 et seq., and § 650 et seq.; 12 New York Codes, Rules, and Regulations ("NYCRR") § 146-1.2, 146-1.3, 146-1.6, 146-1.7, 146-2.2, 146-2.3, 146-2.9; on behalf of Named Plaintiffs and a putative class and collective of individuals who furnished labor to Defendant Leprino Foods Company, Leprino Foods Dairy Products Company and/or other entities affiliated or controlled by Defendants, individually, to recover unpaid wages for work performed on behalf of Defendant by Named Plaintiffs and other members of the

putative class (collectively "Plaintiffs").

2.      Defendants are Colorado based corporations with locations throughout the world. They are registered to do business in New York State as foreign business entities and are a manufacturer of dairy products in Wavery, New York.

3.      Upon information and belief, Defendants' various locations that are engaged in the manufacturing of dairy products operate in a similar fashion, with similar labor, payroll and management practices.

4.      Upon information and belief, Plaintiffs and those similarly situated throughout Defendants' manufacturing locations are subject to the same employment policies and practices.

5.      Beginning in approximately April 2018 and, upon information and belief, continuing through the present, Defendants engaged in a policy and practice of failing to pay Plaintiffs and those similarly situated for all hours worked.

6.      Beginning in approximately April 2018 and, upon information and belief, continuing through the present, Defendant did not monitor and/or record all of the actual hours worked by Plaintiffs and those similarly situated.

7.      Defendants failed to provide proper wage notices and pay statements to Plaintiffs in violation of state law.

8.      Defendants have applied the same employment policies, practices and procedures to all Plaintiffs that worked for Defendants at all of Defendants dairy product manufacturing locations.

9.      Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including unpaid earned

wages, as well as damages for Defendants' failure to provide Plaintiffs with wage notices and pay statements, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

10.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

11.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

12.     The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violation, is three (3) years.

13.     The statute of limitations under NYLL § 198(3) is six (6) years.

## VENUE

14.     Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

15.     Named Plaintiff Andrew Simmons is an individual and resident of Wavery, New York, in Tioga County.

16.     Named Plaintiff Jaime Zeigler is an individual and resident of Canton, Pennsylvania.

17.     Defendant Leprino Foods Company is a Colorado corporation organized and existing under the laws of the State of Colorado, with a principal place of business located at 1830 W 38th Avenue, Denver, Colorado 80211 and registered as a foreign

3

business corporation in New York State, in New York County.

18.     Defendant Leprino Foods Dairy Products Company is a Colorado corporation organized and existing under the laws of the State of Colorado, with a principal place of business located at 1830 W 38th Avenue, Denver, Colorado 80211 and registered as a foreign business corporation in New York State, in Tioga County.

19.     Defendants employed Plaintiffs and similarly situated employees at all relevant times.

20.     Defendants have had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

21.     Defendants employed Plaintiffs and members of the putative class and collective at multiple locations at all relevant times.

22.     Defendants centrally controlled the labor relations of the various milk product production facilities.

23.     At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiffs and members of the putative class and collective, including payroll and other employment practices.

24.     At all relevant times, all of Defendants' milk product production facilities applied and still apply the same employment policies, practices, and procedures to Plaintiffs and members of the putative class and collective, including with respect to the time clock, paying for all hours worked and wage notices.

25.     Upon information and belief, Defendants' annual gross volume of sales

made, or business done is not less than $500,000.

## CLASS ALLEGATIONS

26.     Named Plaintiffs realleges and incorporates by reference all the allegations set forth above.

27.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

28.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants in various milk product production positions at Defendants' dairy product manufacturing locations.

29.     Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA by failing to pay for all hours worked and overtime compensation at one and one-half the regular hourly rate for hours in excess of 40 per week.

30.     The putative class is so numerous that joinder of all members is impracticable.  The size of the putative class is believed to be in excess of 200 employees. In addition, the names of all potential members of the putative class are not known.

31.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include but are not limited to: (1) whether Defendants failed to pay wages for all hours worked; (2) whether Defendants properly accounted for and paid all hours worked; (3) whether Defendants paid overtime compensation when owed; and (4) whether Defendant failed to provide Plaintiffs with proper wage notices and pay statements during the time of

their employment.

32.     The claims of the Named Plaintiffs are typical of the claims of the putative class members.   Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practice of failing to pay minimum wages, failing to account for and pay all hours worked, and other wage violations.

33.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.   Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants.   A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

35.     Named Plaintiff Jaime Zeigler worked for Defendants as a Milk Receiver at Defendants' location in Wavery, New York from approximately July 12, 2021, through the present.

36.     Named Plaintiff Andrew Simmons worked for Defendants as a Milk Receiver at Defendants' location in Wavery, New York from approximately January 8, 2019, through the present.

37.     Named Plaintiffs' allegations herein are not limited to experiences of only Milk Receivers but apply to numerous other job titles and positions within Defendants' dairy milk product manufacturing locations, including but not limited to other positions on

the Cheese Floor such as Packagers, Separator Operation, Ribbon Cutter, Fine Saver, HTST Operator, as well as the Whey Department with positions such as Baggers and Dryer Operators, Warehouse workers, Maintenance Department workers and Laboratory workers.

38.     Named Plaintiffs typically work 12-hour shifts. Plaintiff Zeigler works 4:00 a.m. to 4:30 p.m. and Plaintiff Simmons works 5:00 a.m. to 5:30 p.m. They typically alternate working three shifts one week for a total of 36 hours followed by a four-shift week for a total of 48 hours so that every other week they are working in excess of 40 hours a week requiring overtime wages to be paid.

39.     Named Plaintiffs upon arrival at Defendants for work are required to put on and change into a uniform and protective gear before they were permitted to clock-in for their shifts. In order to timely clock in, Named Plaintiffs have to enter Defendants' building five to seven minutes before they are permitted to clock-in to walk through the facility to various locations to retrieve work boots and their uniforms. They enter the building, walk up four flights of stairs; clean their street shoes; then walk to show locker to change into work boots; they then walk through the shoe locker hallway; through two doors into a break room to sign a book indicating they are in the building; they then walk down another set of stairs; down another hallway to arrive at the uniform locker; they pick up a uniform and retrace their steps back to the break room where there is a conference room next to it with the time clock where they clock in at the top of the hour.

40.     At the end of their shift, Named Plaintiffs spend another five minutes after they clock out replacing their work boots and uniforms. They remove their uniforms; clock out; walk to the sign out sheet and sign it; walk they then walk down a long hallway to the

shoe locker; change back into their street shoes; then walk down four flights of stairs; where they place their uniforms in a laundry bin for washing; then they exit the building.

41.     Combined, Named Plaintiffs spend approximately 10 to 15 minutes donning and doffing work boots and uniforms for Defendants.

42.     Upon Named Plaintiffs' information and belief, other similarly situated employees of Defendant, including but not limited to Packagers, Separator Operation, Ribbon Cutter, Fine Saver, HTST Operator, as well as the Whey Department with positions such as Baggers and Dryer Operators, Warehouse workers, Maintenance Department workers and Laboratory workers throughout all of Defendants' dairy product manufacturing locations also were required to put on before they were permitted to clock in and remove after the clocked out work boots and uniforms that took approximately 10-15 minutes and were not paid, and continue to not be paid, for the time it takes them to put on and remove their work boots and uniforms.

43.     Upon information and belief, under 29 U.S.C. § 201, et seq., and the cases interpreting same, Defendant constitutes an "enterprise engaged in commerce."

44.     Defendant constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

45.     Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

46.     Named Plaintiffs and those similarly situated were and are employees, within the meaning contemplated in FLSA, 29 U.S.C. §203(e).

47.     Named Plaintiffs and those similarly situated were and are employees,

8

within the meaning contemplated, pursuant to NYLL Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

48.     Defendant never provided Named Plaintiffs and those similarly situated with all required wage notices and proper, accurate pay statements during their time of employment in violation of NYLL § 195(1) and §§ 198-1(b).

**FIRST CAUSE OF ACTION**
**UNPAID WAGES AND OVERTIME UNDER THE FLSA**

49.     Named Plaintiffs reallege and incorporates by reference all the allegations set forth above.

50.     Named Plaintiffs and similarly situated hourly employees of Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

51.     Under the FLSA, Named Plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

52.     Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

53.     Upon information and belief, Named Plaintiffs and those similarly situated hourly employees frequently worked more hours than what they were paid for resulting in a paycheck for less time than what the plaintiffs actually worked.

54.     On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendants seek the payment of all unpaid

wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Plaintiffs and other similarly situated employees.

55.     The plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY ALL WAGES UNDER NYLL</u>

56.     Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

57.     Pursuant to Article Six of the NYLL, workers such as Named Plaintiffs and those similarly situated are protected from wage underpayments and improper employment practices.

58.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

59.     As persons employed for hire by Defendants, Named Plaintiffs and those similarly situated are "employees," as understood in Labor Law § 190.

60.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

61.     As an entity that hired Named Plaintiffs and those similarly situated, Defendant is an "employer."

62.     Named Plaintiffs and those similarly situated wage rates were within the

meaning of NYLL §§ 190, 191.

63.    Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Named Plaintiffs and those similarly situated are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

64.    Title 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

65.    New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

66.    Named Plaintiffs and similarly situated employees are entitled to be paid for all hours worked at the regular hourly rate and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

67.    In failing to pay Named Plaintiffs and those similarly situated proper wages for all hours worked and time and one-half for all hours after forty hours in one week, Defendant violated New York Labor Law

68.    Upon information and belief, Defendant's failure to pay Named Plaintiffs and those similarly situated full wages every week was willful.

69.    By the foregoing reasons, Defendant has violated NYLL and is liable to Named Plaintiffs and those similarly situated for all unpaid hours plus pay at one and one-half times the regular hourly rate for all hours in excess of 40 in one week in an amount to

be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### UNPAID WAGES FOR DONNING and DOFFING PROTECTIVE GEAR

70.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

71.     Donning and doffing gear is a "principal activity" under the portal to portal Act, 29 U.S.C. 254, and thus time spent in those activities, as well as any walking and waiting time that occurs after the employee engages in his first principal activity and before he finishes his last principal activity, is part of a "continuous workday" and is compensable under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 et seq.

72.     Named Plaintiffs and others similarly situated regularly donned protective gear for between 15 and 20 minutes before being permitted to clock-in before each shift.

73.     Named Plaintiffs and others similarly situated were not paid regular, or overtime rates when hours for the week exceeded 40, in violation of the FLSA.

74.     On this claim for relief, the Named Plaintiffs on behalf of herself and other similarly situated hourly employees of Defendant seeks the payment of all unpaid wages and unpaid overtime wages for time spent donning and doffing protective gear to be determined based upon an accounting of the unpaid time for Named Plaintiffs and other similarly situated employees.

75.     Named Plaintiffs and others similarly situated also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages,

plus attorneys' fees, interest, and costs as provided for by the FLSA.

**FOURTH CAUSE OF ACTION**
**NEW YORK– FAILURE TO PROVIDE ANNUAL WAGE NOTICES**
**and PAY STATEMENTS**

76.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

77.     Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

78.     Plaintiffs did not receive all required wage notices during their employment with Defendants.

79.     Defendants have willfully failed to supply Named Plaintiffs and those similarly situated with accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net

wages.

80.     Failing to inform Plaintiffs of their regular rate of pay, and recording less hours on their paystubs than Plaintiffs worked each week, was part of Defendants' scheme to deprive Plaintiffs of their regular and/or overtime pay.

81.     By routinely providing Plaintiffs with inaccurate and/or misleading information, or by failing to provide information, Defendants made it more difficult for Plaintiffs to determine whether and to what extent they were underpaid each week, thus impinging on their rights and their ability to advocate for proper pay.

82.     Through their knowing or intentional failure to provide Plaintiffs with the wage notices and pay statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

83.     According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every day in which they did not receive a wage notice and/or statement, or a total of $5,000, together with costs and reasonable attorney's fees.

84.     According to NYLL § 198-1(d), Named Plaintiffs and those similarly situated are entitled to $250 for every day in which they did not receive the required pay statement, or a total of $5,000, together with costs and reasonable attorney's fees.

85.     By the foregoing reasons, Defendants have violated NYLL §§ 195(1) and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

        **WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly

situated request a trial by jury and demand judgment:

(1)    On the First Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2)    On the Second Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the New York Labor Law;

(3)    On the Third Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the FLSA;

(4)    On their Fourth Cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the New York Labor Law;

(5)    All other and further relief the Court may deem appropriate.

Dated:  April 2, 2024

> */s/ Frank S. Gattuso*
> Frank S. Gattuso
> GATTUSO & CIOTOLI, PLLC
> The White House
> 7030 E. Genesee Street
> Fayetteville, New York 13066
> (315) 314-8000
> fgattuso@gclawoffice.com

-and-

<u>/s/ James Emmet Murphy</u>
James Emmet Murphy, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:     (212) 943-9080
Fax:     (212) 943-9082
jmurphy@vandallp.com


*Attorneys for the Plaintiffs and the Putative Class*